I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:   DATE:   DEPUTY CLERK:
Plaintiff   02/01/19   N. Boehme

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| THOMAS MEREDITH, | No. ED CV 18-01531-JAK (DFM) |
| Plaintiff, | Memorandum and Order Dismissing Complaint with Leave to Amend |
| v. | |
| VICTORVILLE MEDIUM-II MEDICAL STAFF, | |
| Defendant. | |

## I. BACKGROUND

In July 2018, Thomas Meredith ("Plaintiff"), a prisoner at the Federal Correctional Institution in Victorville, California, filed a complaint under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Dkt. 1 ("Complaint"). The Complaint was not accompanied by the necessary filing fee, and the Court ordered Plaintiff to submit a completed CV-60P form. See Dkt. 5. After Plaintiff did so, the Court granted Plaintiff's request for leave to process in forma pauperis. See Dkt. 7.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

In May 2016, Dr. Luigie Galloni requested authorization for a right knee replacement due to Plaintiff's knee pain. See Complaint at 5. Plaintiff did not receive the knee replacement, and he was eventually placed in a wheelchair. See id. at 1. Plaintiff was then assigned to a facility that required him to climb five sets of stairs; as a result, Plaintiff fell down a flight of stairs in March 2018 and broke his hand. See id. at 2. Plaintiff has not received medical treatment for either his knee or hand.

Plaintiff brings an Eighth Amendment deliberate indifference claim and names as the sole Defendant "Victorville Medium-II Medical Staff." Id. at 1, 3. He requests $10,000,000. See id. at 3.

## III. STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Because Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford him the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and alteration omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). But if after careful consideration it is clear that a complaint cannot be cured by amendment, the Court may dismiss it without leave to amend. See Cato, 70 F.3d at 1105-06.

### IV. DISCUSSION

Plaintiff's Complaint is subject to dismissal for two reasons. First, Plaintiff fails to name any individual defendant or describe wrongdoing by any particular person. He therefore fails to state a claim under Bivens. See Van Snowden v. Cazares, No. 12-3443, 2015 WL 12859715, at *8 (C.D. Cal. Dec. 15, 2015) ("Such general and conclusory allegations against an indistinguishable group of defendants are insufficient to demonstrate a causal link between any individual defendant's conduct and an alleged constitutional violation, and therefore are insufficient to state a viable Bivens claim against

any of the defendants."); Baker v. McCollan, 443 U.S. 137, 142 (1979) ("[A] public official is liable under [Section] 1983 only 'if he causes the plaintiff to be subjected to a deprivation of his constitutional rights.'" (citation omitted)); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]").

Second, even if Plaintiff identifies a specific defendant with allegations of personal participation, his current allegations fall short of describing an Eighth Amendment violation. The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). To prevail, a plaintiff must show "deliberate indifference" to his "serious medical needs." Id. at 104. This includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

A "serious medical need" exists if failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). A prison official is deliberately indifferent under the subjective element of the test only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). This "requires more than ordinary lack of due care." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Here, while Plaintiff's allegations regarding his knee and hand could describe a serious medical need, the Complaint does not contain any

allegations that show that any prison official acted with anything more than an ordinary lack of due care.

## V. CONCLUSION

For the foregoing reasons, the Complaint is subject to dismissal. Because it is not absolutely clear that the Complaint's deficiencies cannot be cured by amendment, dismissal is with leave to amend. Accordingly, if Plaintiff desires to pursue his claims, he must file a First Amended Complaint ("FAC") within twenty-eight (28) days of the date of this Order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned in this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

**Plaintiff is admonished that if he fails to timely file a FAC, this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Date: February 1, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge